NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS REYES VASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-73409

Agency No. A098-658-367

MEMORANDUM*

On Petition for Review of an Order of
an Immigration Judge

Submitted March 11, 2022**
Phoenix, Arizona

Before:  HAWKINS, PAEZ, and WATFORD, Circuit Judges.

Petitioner Jose Luis Reyes Vasquez ("Petitioner") seeks review of the Immigration Judge's ("IJ") concurrence with the finding of the Department of Homeland Security ("DHS") that Petitioner did not have a reasonable fear of

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

persecution or torture following the reinstatement of the prior removal order. We deny the petition.

Substantial evidence supports the IJ's determination that Petitioner did not establish a protected ground, a well-founded fear of persecution on account of a protected ground, or government action to support a claim under the Convention Against Torture. In the hearing before the IJ, Petitioner admitted that he had been threatened by a gang "because we were charging rent in, in that neighborhood without [the gang's] permission." Petitioner thus failed to establish a sufficient nexus between the harm he fears and a protected ground, because "individual retaliation" does not constitute persecution on account of membership in a distinct social group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020); *see also Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("[M]istreatment motivated purely by personal retribution will not give rise to a valid asylum claim . . . ."). Nor did the evidence demonstrate that Petitioner was likely to be targeted for harm by the government or that the government would acquiesce to his torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

To the extent Petitioner claims he was denied due process, he received a fair hearing before an immigration judge, which is all the process that is required in a reinstatement of removal case. 8 C.F.R. § 1208.31(f)-(g); *see Bartolome v. Sessions*, 904 F.3d 803, 813–14 (9th Cir. 2018) ("Reasonable fear review hearings [] are not

full evidentiary hearings. Like reinstatement orders, reasonable fear review proceedings are intended to be expedited and efficient.").

Finally, Petitioner attempts to claim he received a defective notice to appear in his original 2008 removal proceeding. However, Petitioner may not collaterally attack that order in this petition for review, *see Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc), and is "foreclosed from challenging reinstatement of [his] prior removal order due to defective service." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1011 n.1 (9th Cir. 2021).

**PETITION DENIED.**[1]

---

[1] Petitioner's Motion for Stay (Dkt. Entry No. 1) is denied as moot.