**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| BELKIS MARISELA NOLASCO-AMAYA, *Petitioner*, v. MERRICK B. GARLAND, Attorney General, *Respondent*. | No. 20-70187 Agency No. A098-488-798 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2021[*]
Pasadena, California

Filed September 28, 2021

Before: Susan P. Graber, Consuelo M. Callahan, and
Danielle J. Forrest, Circuit Judges.

Opinion by Judge Graber;
Dissent by Judge Callahan

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

Granting in part and dismissing in part Belkis Nolasco-Amaya's petition for review of the Board of Immigration Appeals' summary dismissal of her appeal pursuant to 8 C.F.R. §§ 1003.1(d)(2)(i)(A) and (E), and remanding, the panel held that given her status as a pro se litigant, Nolasco-Amaya's Notice of Appeal was sufficiently specific to inform the Board of the issues challenged on appeal, and the Board therefore violated her right to due process by summarily dismissing her appeal.

The panel explained that under § 1003.1(d), a petitioner must provide meaningful guidance to the Board by informing it of the issues contested on appeal; a generalized and conclusory statement about the proceedings before the IJ does not suffice.  The panel wrote that when a petitioner gives detailed reasons to support her appeal, either in a separate brief or on the Notice of Appeal itself, summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E), for failure to file a brief, violates her due process rights as guaranteed by the Fifth Amendment.  The panel explained that the purpose of the specificity requirement is to ensure that the Board is adequately apprised of the issues on appeal such that it is not left to search through the record and speculate on what possible errors the petitioner claims.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel wrote that although this court has consistently applied the Board's strict specificity requirement, it also construes liberally claims raised by pro se petitioners before the Board. Further, the Board may not ignore a pro se petitioner's inartful legal arguments if they suffice to give notice of the petitioner's reasons for appeal.

Noting that Nolasco-Amaya was in withholding-only proceedings, the panel concluded that given the limited relief to which she was entitled, Nolasco-Amaya's Notice of Appeal would not leave the Board guessing as to how and why she thought that the IJ had erred. The panel explained that Nolasco-Amaya's statement that "the police from my government of Honduras didn't do nothing to help me" put the Board on notice that she believed the IJ was incorrect in concluding that she had failed to meet her burden of demonstrating that the police would be unable or unwilling to protect her. Additionally, the panel wrote that, in context, Nolasco-Amaya's statement that "[t]he gangs MS-13 [are] there in all the places in Honduras" notified the Board that she disputed the IJ's conclusion that she could relocate safely within Honduras. As to Nolasco-Amaya's CAT claim, the panel observed that Nolasco-Amaya's Notice of Appeal stated, in conclusory fashion, that "these people are going to torture me or kill me," but did not point to evidence offered in support of that assertion. The panel wrote that this court has stated that a petitioner need not challenge every basis for the IJ's decision, and explained that Nolasco-Amaya's failure to discuss, in her Notice of Appeal, past torture or the likelihood of future torture did not mean that her entire appeal was automatically subject to summary dismissal. Rather, the panel concluded that Nolasco-Amaya adequately set forth the reasons for her appeal by highlighting the IJ's errors concerning government acquiescence and internal relocation.

The panel remanded for the Board to consider the merits of Nolasco-Amaya's claims.

Because Nolasco-Amaya did not dispute that she is an alien, who was subject to a prior removal order, and who illegally reentered the United States, and because she did not establish a gross miscarriage of justice stemming from the issuance of the initial removal order, the panel concluded that it lacked jurisdiction to consider her collateral attack on that order.

Dissenting, Judge Callahan wrote that in her view the majority allowed the general rule governing the liberal interpretation of pro se filings to overwhelm and virtually nullify the Board's rules requiring petitioners to specify the grounds for their administrative appeals with particularity, even though this court has previously held that those requirements apply to pro se litigants. Even construed liberally, Judge Callahan wrote that Nolasco-Amaya's notice of appeal was insufficient to provide meaningful notice of the precise issues contested on appeal.

## COUNSEL

Luis Cortes Romero, Immigrant Advocacy & Litigation Center PLLC, Kent, Washington, for Petitioner.

John V. Coughlan, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

GRABER, Circuit Judge:

Petitioner Belkis Nolasco-Amaya, a native and citizen of Honduras, sought withholding of removal and protection under the Convention Against Torture ("CAT"). An immigration judge ("IJ") denied her requested relief. Petitioner filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") without the assistance of counsel. The BIA summarily dismissed her appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A) and (E). Petitioner challenges that summary dismissal, arguing that it violated her right to due process.

We have jurisdiction under 8 U.S.C. § 1252. Petitioner's Notice of Appeal was sufficiently specific to inform the BIA of the issues challenged on appeal, given her status as a pro se litigant. Accordingly, the BIA violated Petitioner's right to due process by summarily dismissing her appeal. We grant the petition and remand for the BIA to consider the merits of Petitioner's appeal.[1]

---

[1] As a separate matter, Petitioner argues that the government's service of the Notice to Appear for her initial order of removal was defective. She does not dispute that she "(1) . . . is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc). Petitioner is foreclosed from challenging reinstatement of her prior removal order due to defective service. *Id.* at 496. And she fails to establish that there was a "gross miscarriage of justice" stemming from the issuance of the removal order. *Vega-Anguiano v. Barr*, 982 F.3d 542, 547 (9th Cir. 2019). Accordingly, we lack jurisdiction to consider Petitioner's collateral attack.

FACTUAL AND PROCEDURAL BACKGROUND

The government initiated removal proceedings in 2005. But Petitioner left the United States and returned to Honduras after her mother fell ill. An IJ then issued an *in absentia* removal order. After Petitioner reentered the United States in 2019, the government reinstated its earlier removal order pursuant to 8 U.S.C. § 1231(a)(5). As a result, Petitioner was ineligible for asylum and was placed in withholding-only proceedings. INA § 241(a)(5), 8 U.S.C. § 1231(a)(5); 64 Fed. Reg. 8478-01, 8485 (Feb. 19, 1999).

An IJ denied Petitioner's applications for withholding of removal and protection under CAT. He assumed that Petitioner testified credibly. And he concluded that Petitioner had demonstrated past persecution on account of a protected ground. But the IJ found that Petitioner had not established that the Honduran government was unable or unwilling to protect her. Further, the IJ reasoned that Petitioner could relocate within Honduras. Finally, the IJ concluded that Petitioner was not entitled to protection under CAT because she had established neither past torture nor government acquiescence.

Petitioner filed a Notice of Appeal pro se. In the section regarding the reasons for her appeal, Petitioner wrote the following:

> I can't return because these people are going to torture me or kill me and my daughters and the police from my government of Honduras didn't do nothing to help me and if them didn't help me I don't know who could help me that's why I ask you not deport me to my

country. I present all my proofs. Please thank
you!! Very much!! The gangs MS-13 there
in all the places in Honduras.

She also checked a box stating that she intended to file a separate written brief or statement.

The BIA dismissed Petitioner's appeal. In the BIA's view, the statements in the Notice of Appeal "do not meaningfully apprise the Board of the specific reasons underlying her challenge to the Immigration Judge's decision." The BIA's dismissal order also noted that Petitioner failed to file a separate brief, "even though she checked the block on the Notice of Appeal indicating that she would be filing a separate written brief or statement in support of her appeal." The BIA concluded that Petitioner's appeal "should be summarily dismissed pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A), for failure to adequately specify the reasons for the appeal, and 8 C.F.R. § 1003.1(d)(2)(i)(E), for failure to file a brief or statement within the time set for filing."

## THE REGULATION

The regulation at issue reads as follows:

(i) Standards. A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which:

(A) The party concerned *fails to specify the reasons for the appeal* on Form EOIR–26 or Form EOIR–29 (Notices of Appeal) or other document filed therewith;

. . .

> (E) The party concerned indicates on Form
> EOIR–26 or Form EOIR–29 that he or she
> will file a brief or statement in support of the
> appeal and, thereafter, does not file such brief
> or statement, or reasonably explain his or her
> failure to do so, within the time set for filing
> . . . .

8 C.F.R. § 1003.1(d)(2)(i) (emphasis added).

## STANDARDS OF REVIEW

We review for abuse of discretion the BIA's summary dismissal of an appeal. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). But whether the summary dismissal violated a petitioner's due process rights is a question of law that we review de novo. *Id*.

## DISCUSSION

A. *General Principles*

Under 8 C.F.R. § 1003.1(d)(2)(i), a petitioner may provide the BIA with the requisite notice of the reasons for her appeal "by setting out the reasons on the Notice of Appeal itself *or* by filing a separate brief." *Casas-Chavez v. INS*, 300 F.3d 1088, 1090 (9th Cir. 2002) (emphasis added). "The BIA employs a strict specificity requirement when evaluating the notice of reasons for appeal." *Id.* As the agency has explained:

> It is . . . insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied . . . . [I]t should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and *where the dispute is on the facts, there should be a discussion of the particular details contested.*

*Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992) (ellipses in original) (quoting *Matter of Valencia*, 19 I. & N. Dec. 354 (BIA 1986)). A noncitizen must "provide meaningful guidance to the BIA" by informing it of the issues contested on appeal; a "generalized and conclusory statement about the proceedings before the IJ" does not suffice. *Id.* But "[w]hen an alien gives detailed reasons to support h[er] appeal, either in a separate brief *or* on the Notice of Appeal itself, summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E) [(failure to file a brief)] violates the alien's due process rights as guaranteed by the Fifth Amendment." *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753 (9th Cir. 2004) (emphasis added).

The purpose of the "specificity requirement is to ensure that the BIA is adequately apprised of the issues on appeal so that the BIA is not left to search through the record and speculate on what possible errors the [petitioner] claims." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003) (alteration in original) (internal quotation marks omitted). In other words, the BIA should not be "left guessing at how and why petitioner thought the [IJ] erred." *Casas-Chavez*, 300 F.3d at 1090 (internal quotation marks omitted). "If the

BIA was forced to decipher general statements of error, unsupported by specific factual or legal references, the BIA would have to spend time and resources reconstructing the proceedings before the IJ and building the petitioner's legal case, in some instances only to conclude that the appeal was utterly without merit." *Rojas-Garcia*, 339 F.3d at 820.

B.  *Summary Dismissal*

We frequently deny petitions for review of the BIA's summary dismissal of an appeal. *Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004).  For example, in *Toquero*, counsel wrote in the Notice of Appeal that "[t]he Immigration Judge erred in denying Respondent's application for suspension as the evidence presented established that Respondent would suffer extreme hardship if deported to the Philippines." *Toquero*, 956 F.2d at 194.  We concluded that this statement fell short of the regulation's requirement of specificity.  "While the Notice correctly focused on the issue in contention," we reasoned, "it did not indicate *which facts* were in contention and *how* the IJ misinterpreted the evidence." *Id.* at 196 (emphases added).  Likewise, in *Singh*, petitioner's counsel filed a conclusory two-sentence Notice of Appeal asserting that the IJ "g[ave] undue weight to minor inconsistencies in the testimony" and "fail[ed] to consider proper and consistent testimony." *Singh*, 361 F.3d at 1155.  But the petitioner did not identify the evidence that was the subject of his objections.  We denied review because the Notice of Appeal provided only a "meager description of the grounds for appeal" that was insufficient to satisfy the specificity rule.  *Id.* at 1155 n.2.

And in *Rojas-Garcia*, we again found that the Notice of Appeal, which cited four grounds of error, lacked specificity

because it "did not indicate if [petitioner's] challenges were based on the IJ's interpretation of facts, and did not provide 'supporting authority' on any question of law presented." *Rojas-Garcia*, 339 F.3d at 820–21. The petitioner asserted that the IJ improperly had admitted evidence in violation of the pre-hearing order, but failed to suggest how the pre-hearing order was violated or what evidence should have been excluded. *Id.*

On the other hand, in *Casas-Chavez*, we concluded that the counseled petitioners' Notice of Appeal was sufficiently specific because it identified the portions of the IJ's opinion being appealed and cited evidence and legal authority in support. *Casas-Chavez*, 300 F.3d at 1090–91, 1091 n.3. And in *Garcia-Cortez*, 366 F.3d at 753, we held that the Notice of Appeal filed by pro se petitioners was sufficiently specific because they challenged the IJ's treatment of a particular piece of evidence. Although they did not use the term "due process," petitioners also made a "valid and specific" due process argument that the IJ had failed to advise them that they could call witnesses. *Id.*

Although we have applied consistently the BIA's strict specificity requirement, we also construe liberally claims raised by pro se petitioners before the BIA. In *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011), the IJ concluded that the petitioner had failed to offer corroborating evidence in support of his claim of persecution. The petitioner wrote in his Notice of Appeal that he "believe[d] that [he] did establish that [his] life/freedom would have been threatened in China on account of [his] strong beliefs and practice of Christianity." *Id.* at 1084. The government argued that we lacked jurisdiction to review the IJ's corroboration finding because the petitioner had failed to exhaust his administrative

remedies by challenging that finding before the BIA. *Id.* at 1083. We reasoned that, although the petitioner "did not use the specific word 'corroboration,' it was clear that he was challenging the IJ's determination that he had failed to meet his burden of proof or, in other words, that he had failed to 'establish' that he had suffered past persecution or had a well-founded fear of future persecution." *Id.* at 1084. We explained that "[a] *pro se* petitioner is *not required* to use the precise legal terminology . . . to make clear the basis of his challenge." *Id.* (emphasis added). Although the petitioner's Notice of Appeal was "inartful," it provided the BIA with adequate notice. *Id.*

Similarly, in *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014), we held that a pro se petitioner had given the BIA adequate notice of his claim. The petitioner had argued that he received ineffective assistance of counsel. *Id.* In his Notice of Appeal, the petitioner stated that his former counsel "showed incompetence by failing to object to many of the questions and negative facts comments" made by the IJ. *Id.* We reasoned that, "[a]lthough [petitioner's] pro se brief was inartful," his "complaints about his counsel's deficient performance were sufficient to put the BIA on notice of his claim for ineffective assistance of counsel." *Id.*

To be sure, *Coronado* and *Ren* arose in a different context. Those cases involved pro se petitioners who allegedly had failed to exhaust arguments before the BIA. Accordingly, those decisions did not apply the specificity requirement of 8 C.F.R. § 1003.1(d)(2)(i)(A). But we did apply that regulation in *Garcia-Cortez*, 366 F.3d at 752–53. And all three of those decisions demonstrate the principle that the BIA may not ignore a pro se petitioner's inartful legal arguments if they suffice to give notice of the

petitioner's reasons for appeal. That is, taken together, our prior decisions establish that pro se notices of appeal to the BIA should be construed liberally.

Turning to the case before us, we conclude that Petitioner's Notice of Appeal—at least in part—is more like the notices of appeal in those cases where we have determined that the specificity rule was satisfied than in those cases where we did not. Petitioner identified two claims. Given the context of her case, Petitioner's statements were not so general as to require the BIA to scrutinize the record and "speculate on what possible errors" she was claiming. *Rojas-Garcia*, 339 F.3d at 820 (internal quotation marks omitted). As noted, Petitioner was in withholding-only proceedings. Therefore, the IJ's decision focused on only three issues: the headings in his decision are "UNABLE OR UNWILLING TO PROTECT," "INTERNAL RELOCATION," and "PROTECTION UNDER THE CONVENTION AGAINST TORTURE."

Given the limited relief to which Petitioner was entitled, her Notice of Appeal would not leave the BIA "guessing" as to "how and why" Petitioner thought that the IJ had erred. *Casas-Chavez*, 300 F.3d at 1090. Petitioner wrote that "the police from my government of Honduras didn't do nothing to help me." That statement put the BIA on notice that Petitioner believed the IJ was incorrect in concluding that she had failed to meet her burden of demonstrating that the police would be unable or unwilling to protect her. Additionally, Petitioner wrote that "[t]he gangs MS-13 there in all the places in Honduras." In context, that statement notified the

BIA that Petitioner disputed the IJ's conclusion that she could relocate safely within Honduras.[2]

The only reason for Petitioner to have raised those issues is to identify how the IJ erred in his decision. When a petitioner submits a Notice of Appeal without counsel, she need not state explicitly that "the IJ was wrong because" before explaining the grounds for her appeal.

*Garcia-Cortez* supports our conclusion. In that case, we ruled that the BIA should not have dismissed the pro se petitioners' appeal summarily. 366 F.3d at 750. The IJ had concluded that the petitioners were ineligible for cancellation of removal because they had not been in the United States before a particular date. *Id.* at 750–51. In their Notice of Appeal, petitioners argued that the IJ "made a mistake" because they gave him proof establishing how long they had been in the country. *Id.* at 751. They mentioned that they had submitted a letter from an employer and complained that the IJ did not consider the letter. *Id.* They also wrote that the IJ did not give them notice, before their hearing, that they should present witnesses. *Id.* We held that the Notice of Appeal was sufficiently specific because the petitioners explained "in a short and plain statement exactly how and why the IJ erred." *Id.* at 753. Similarly, here, Petitioner explained, in a short and plain statement, that the government

---

**[2]** The dissent asserts that the argument Petitioner makes in her notice of appeal to the BIA is inconsistent with her testimony before the IJ. Dissent at 18. But that assertion is irrelevant because it conflates the merits with the clarity of the claim expressed in the notice of appeal. *See id.* ("[H]ow could the IJ have erred in not addressing an argument Petitioner did not make?"). A petitioner's failure to preserve an issue before an IJ pertains to the merits of that issue, not to the specificity of its presentation to the BIA.

of Honduras did nothing to help her and that the MS-13 gang operated throughout Honduras; both assertions directly contradicted the IJ's conclusions.

Petitioner contends that her Notice of Appeal, read liberally, also establishes that she presented the argument that she will be tortured if returned to Honduras. The IJ concluded that Petitioner had not demonstrated that it is more likely than not that she would be tortured if she is returned. The Notice of Appeal states, in conclusory fashion, that "these people are going to torture me or kill me" but does not point to evidence offered in support of that assertion. We have explained that "[t]he alien need not challenge every basis for the IJ's decision." *Id.* Petitioner's failure to discuss, in her Notice of Appeal, past torture or the likelihood of future torture does not mean that her entire appeal is automatically subject to summary dismissal. She adequately set forth the reasons for her appeal by highlighting the IJ's errors in regard to government acquiescence and internal relocation.

In summary, Petitioner's Notice of Appeal was sufficiently specific to inform the BIA of two issues that she was challenging, given her status as a pro se litigant. Therefore, the BIA violated her right to due process by summarily dismissing her appeal. Whether Petitioner's claims are meritorious is not before us; that question is for the BIA to decide in the first instance. We remand to the BIA for it to consider the merits of Petitioner's claims.

**PETITION DISMISSED in part, GRANTED in part; REMANDED**. The parties shall bear their own costs on appeal.

CALLAHAN, Circuit Judge, dissenting:

I respectfully dissent because, in my view, the majority has allowed the general rule governing the liberal interpretation of pro se filings to overwhelm and virtually nullify the BIA's rules requiring petitioners to specify the grounds for their administrative appeals with particularity, even though we have previously held that these requirements apply to pro se litigants. *Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753 (9th Cir. 2004).

Admittedly, these two legal principles are in tension. The majority is certainly correct to acknowledge and account for the longstanding general rule that we liberally construe filings by pro se litigants. *See, e.g.*, *Agyeman v. I.N.S.*, 296 F.3d 871, 878 (9th Cir. 2002) (refusing to require pro se litigant to use "exact legalese" in a notice of appeal to the BIA). On the other hand, the BIA requires that all notices of appeal meet "rather strict specificity requirements." *Toquero v. I.N.S.*, 956 F.2d 193, 195 (9th Cir. 1992). Noncitizens challenging an IJ's decision must identify "the particular details contested," "*how* the evidence" supports the noncitizen's arguments, and "*why* the IJ erred." *Id.* (internal quotations and citation omitted). It is insufficient to merely "make[] a generalized and conclusory statement about the proceedings before the IJ." *Id.* These requirements apply even where the petitioner proceeds pro se. *Garcia-Cortez*, 366 F.3d at 750, 753. Thus, while we liberally construe the notices of appeal filed by pro se petitioners, the notices must still be sufficient to provide "meaningful notice of the precise issues contested on appeal." *Id.* at 754.

Petitioner's notice of appeal here presented two contentions in support of her CAT claim. First, she stated

that she could not return to Honduras because she and her daughters would be tortured or killed, and that "the police from my government of Honduras didn't do nothing to help me." The majority holds that this contention adequately "put the BIA on notice that Petitioner believed the IJ was incorrect in concluding that she had failed to meet her burden of demonstrating that the police would be unable or unwilling to protect her." Maj. at 13.

But under the BIA's specificity requirements, it is not sufficient to merely assert that the IJ wrongly determined that the government was unable or willing to protect her without providing any further details about how or why the IJ erred. Petitioner's statement—even as liberally construed by the majority—is no more than a partial restatement of the legal standard governing the availability of CAT relief, which requires that a petitioner demonstrate that "she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioner's statement "did not indicate which facts were in contention and how the IJ misinterpreted the evidence." *Toquero*, 956 F.2d at 196. Because Petitioner provided the BIA with no more than a generalized claim that the IJ should have granted her CAT relief, her claim fails to adequately set forth the basis for her appeal under applicable BIA regulations. *See Reyes-Mendoza v. I.N.S.*, 774 F.2d 1364, 1365 (9th Cir. 1985) (affirming BIA's summary dismissal of appeal where the notice of appeal contained only the conclusory statement that there was a "[w]rongful denial of suspension of deportation"); *see also Toquero*, 956 F.2d at 195 (stating that notice is inadequate where it only states "that [the] IJ's decision was 'against the weight of the evidence,' 'against the law controlling the case,' and

'arbitrary and capricious'" (quoting *Lozada v. I.N.S.*, 857 F.2d 10, 13 (1st Cir. 1988))).

Petitioner's second contention in her notice of appeal, that "[t]he gangs MS-13 [are] there in all the places in Honduras," suggests that the IJ erred in concluding that Petitioner could safely relocate within Honduras. Maj. at 13. This claim at least identifies a specific gang and contains the allegation that the gang's presence is pervasive throughout the country. But in the context of Petitioner's specific case, it does little to identify what claims she intends to raise on appeal. Petitioner did not mention any issues with gangs in her declaration in support of her applications for relief before the IJ, and pointedly failed to argue at her hearing (even after being prompted by the IJ) that the individuals who had threatened her family were affiliated with a gang. Certainly, the underlying merits of Petitioner's substantive argument that she could not safely relocate is not currently before us; instead, we are currently called upon to evaluate only the sufficiency of her notice of appeal. But the notice of appeal's inconsistency with Petitioner's prior position that there was no gang involvement in her case left the BIA having to guess at how Petitioner claimed the IJ erred. After all, the IJ expressly gave her the opportunity to argue she was threatened by MS-13, and she refused to do so—how could the IJ have erred in not addressing an argument Petitioner did not make? The notice thus left the BIA in the position of having to "search through the record and speculate on what possible errors" Petitioner is claiming that the IJ made on this point. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003) (quoting *Matter of Valencia*, 19 I. & N. Dec. 354, 355 (BIA 1986)).

Contrary to the majority's assertion, Petitioner's conclusory statements in her notice of appeal are not as detailed as the petitioners' notice at issue in *Garcia-Cortez*. There, the pro se petitioners filed the following justification for their administrative appeal:

> We are asking to go back to the Judge because we believe *he made a mistake*. We had asked for suspension of deportation and gave the Judge proof that we had been in U.S. for more than 10 years. José had a letter from the employment he had 10 years ago and the Judge didn't even take that into account. We don't have any bad record and never got welfare or anything like that. We have kids born in U.S. We thought we didn't need Attorney because when we gave papers to the Judge he took them and said they were good. The Judge said the last time that we should have brought witnesses but he did not tell us ahead of time. We now want to get Attorney to help us with this and separate written briefs and send you copies of all our proofs so you can send our case back to that Judge because we are here 10 yrs.

*Garcia-Cortez*, 366 F.3d at 751. We held that this satisfied the specificity standards for two reasons. First, while the petitioners did not use legally precise terminology, they highlighted a specific piece of evidence (the letter from one of the petitioner's former employers) that the IJ had failed to give sufficient weight. *Id.* at 753. Second, they concretely identified a specific procedural right (the right to call witnesses in support of their application for cancellation of

removal) which the IJ had arguably not adequately advised them of. *Id.* at 753–54. Here, Petitioner cites no specific evidence that the IJ failed to properly consider in concluding that the Petitioner had not met her burden to show that the Honduran government would acquiesce in her torture, nor does she explain what (if any) legal rights the IJ deprived her of at her hearing.

Nor do our prior decisions in *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014), and *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), have any particular relevance here. Those cases did not involve summary dismissals and thus did not apply the "rigorous requirements" of 8 C.F.R. § 1003.1(d)(2)(i)(A) applicable in this context. *Toquero*, 956 F.2d at 196; *see also Garcia-Cortez*, 366 F.3d at 753. The majority's admission that those cases "arose in a different context," Maj. at 12, is significant; the standards applicable to the petitioners in those cases were simply not comparable to the standard that applies to Petitioner here.

While we liberally construe pro se filings, the fact that a litigant is proceeding pro se does not mean that we must ignore the applicable and governing legal standards. *Cf. Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) ("This rule [requiring that courts liberally construe pro se filings] exempts pro se inmates from *strict* compliance with the summary judgment rules, but it does not exempt them from *all* compliance."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Even liberally construed, Petitioner's notice of appeal at best expressed generalized disagreement with the IJ's conclusions regarding the acquiescence of the Honduran government, and alleged that internal relocation was infeasible for a reason that

she declined to pursue before the IJ.  This is not sufficient to provide "meaningful notice of the precise issues contested on appeal." *Garcia-Cortez*, 366 F.3d at 754.  Accordingly, I respectfully dissent.