**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WALTER MAURICIO AVILA-VELASQUEZ, AKA Herbert Donaldo Hernandez,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-71391<br><br>Agency No. A074-437-849<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022[**]
Phoenix, Arizona

Before: HAWKINS, PAEZ, and WATFORD, Circuit Judges.

Walter Mauricio Avila-Velasquez, a native and citizen of Guatemala,

petitions for review of an order of the Board of Immigration Appeals (BIA)

denying his applications for withholding of removal and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).  We deny the petition.

    **1.**  Avila-Velasquez has, by failing to present a substantive argument, waived any challenge to the merits of the BIA's decision rejecting his applications for withholding and CAT relief.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).  In any case, Avila-Velasquez was afforded an opportunity to testify at his hearing before the immigration judge and declined to do so, instead choosing to rely on his application and supporting documents at his hearing.  He also acknowledged at the hearing that he had provided false information in a previous asylum application and did not adequately justify that falsehood to the agency.  *See Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021).  Under these circumstances, the agency's adverse credibility determination is adequately supported by the record and Avila-Velasquez was not denied his right to a full and fair hearing.

    **2.**  The IJ had jurisdiction to adjudicate Avila-Velasquez's applications for relief.  Avila-Velasquez was ordered removed in withholding-only proceedings under 8 U.S.C. § 1231(a)(5) as opposed to traditional removal proceedings under 8 U.S.C. § 1229a.  Jurisdiction in withholding-only proceedings does not require the issuance of a notice to appear (NTA) and thus is not governed by 8 U.S.C. § 1229(a), the statute at issue in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).  *See Tzompantzi-Salazar v.*

*Garland*, 25 F.4th 752, 759 (9th Cir. 2022) ("Petitioner's current proceeding was initiated with a different charging document—a Notice of Referral to Immigration Judge (NOR)—which alone makes *Pereira* inapplicable to his proceeding."). Further, the nature of withholding-only proceedings does not allow Avila-Velasquez to challenge the validity of the NTA underlying his original removal order. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc); *see also Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1011 n.1 (9th Cir. 2021) ("Petitioner is foreclosed from challenging reinstatement of her prior removal order due to defective service.").

**PETITION FOR REVIEW DENIED.**