NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO LARA CORRAL, AKA Servacio Arondondo Saludo, AKA Gervacio Arredondo Salido, AKA Israel L. Corral, AKA Rodolfo Landeros-Lopez, AKA Israel Lara Corral, AKA Rodolfo Lara Corral, AKA Israel Lara-Corral, AKA Martin Lugo, AKA Roberto Luiz Orlinas, AKA Lambreiro Nabardo, AKA Lamberto Navarro, AKA Hugo Ruiz Olivas, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-72703 <br><br> Agency No. A077-137-123 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Las Vegas, Nevada

Before:  GRABER, CLIFTON, and BENNETT, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Petitioner Rigoberto Lara Corral, a native and citizen of Mexico, timely seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an immigration judge's (IJ) denial of cancellation of removal. Because the BIA adopted the IJ's decision and added its own reasoning, we review both decisions. Aguilar Fermin v. Barr, 958 F.3d 887, 891 (9th Cir. 2020). We review legal questions de novo. Id. at 891–92. Applying those standards, we dismiss the petition.

Before us, Petitioner does not challenge the BIA's conclusion that he was ineligible for cancellation of removal because he was incarcerated for more than 180 days on account of his 2015 Arizona felony conviction. See 8 U.S.C. § 1229b(b)(1)(B) (requiring "good moral character" during the 10 years preceding the filing of an application for cancellation of removal); 8 U.S.C. § 1101(f)(7) (providing that a person cannot be found to have good moral character, as a matter of law, if incarcerated for 180 days or more during the relevant period). Instead, he argues that he was eligible for voluntary departure, and he argues that the IJ violated his right to due process by failing to allow him to seek pre-decision voluntary departure and by failing to advise him of his alleged eligibility for that relief.

Petitioner never raised those arguments to the BIA, and the BIA held that he had waived any argument concerning voluntary departure. Petitioner's only brief

to the BIA, which Petitioner labeled as a "Supplemental or rather Substituted Brief," raised a single issue: that his notice to appear did not provide sufficient information to establish jurisdiction under Pereira v. Sessions, 138 S. Ct. 2105 (2018). When a petitioner files a brief, we ordinarily consider as exhausted only those issues raised and argued in the brief before the BIA. Abebe v. Mukasey, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc) (per curiam). But even if we examine Petitioner's notice of appeal, because his brief was labeled "supplemental," the notice of appeal also fails to raise the relevant issue with appropriate specificity. See id. at 1208 ("When a petitioner files no brief and relies entirely on the notice of appeal to make an immigration argument, . . . the notice of appeal serves in lieu of a brief[.]"). That notice argued only that the IJ abused his discretion by failing to fully develop the factual record and by failing to allow the Petitioner to present evidence in violation of his due process rights. The notice never raised the arguments that Petitioner now raises to us. See Nolasco-Amaya v. Garland, 14 F.4th 1007, 1013 (9th Cir. 2021) ("[The notice of appeal] did not indicate which facts were in contention and how the IJ misinterpreted the evidence." (citation and internal quotation marks omitted)). Petitioner's due process claim therefore was unexhausted before the BIA, and we lack jurisdiction over it. Abebe, 554 F.3d at 1208.

**Petition DISMISSED.**