NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO MARTINEZ HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1635

Agency No.
A216-143-476

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023[**]
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON, District Judge.[***]

Fernando Martinez Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision summarily

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

dismissing his appeal of the immigration judge's ("IJ") decision denying his application for cancellation of removal. "We review for abuse of discretion the BIA's summary dismissal of an appeal." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). "But whether the summary dismissal violated a petitioner's due process rights is a question of law that we review de novo." *Id.* As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

The BIA summarily dismissed Martinez Hernandez's appeal on the grounds that his notice of appeal failed to meaningfully apprise the BIA of the reasons for his challenge to the IJ's decision and he failed to file a separate written brief or statement after he checked the box on his notice of appeal indicating that he intended to do so. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E). Martinez Hernandez argues that the BIA's summary dismissal violated his due process rights because his pro se notice of appeal, construed liberally, was sufficiently specific to apprise the BIA of the issue challenged on appeal. *See Nolasco-Amaya*, 14 F.4th at 1013 ("Although we have applied consistently the BIA's strict specificity requirement, we also construe liberally claims raised by pro se petitioners before the BIA.").

However, even if the BIA violated Martinez Hernandez's due process rights by summarily dismissing his appeal, Martinez Hernandez failed to discuss in his opening brief how he was prejudiced by the dismissal. *See Grigoryan v. Barr*, 959

F.3d 1233, 1240 (9th Cir. 2020) (To prevail on a due process claim, the petitioner must show "substantial prejudice," i.e., that "the outcome of the proceeding may have been affected by the alleged violation." (citation omitted)); *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

**PETITION DENIED**.