NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIAN SANCHEZ SIGALA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-498 <br><br> Agency No. <br> A216-187-070 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Adrian Sanchez Sigala (Sanchez Sigala), a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals (BIA)

summarily dismissing his untimely administrative appeal. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

"We review for abuse of discretion the BIA's summary dismissal of an appeal. . . ." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (citation omitted).

The BIA informed Sanchez Sigala that his appeal was rejected because "[t]he filing fee paid online [was] invalid as the electronic payment could not be collected," and advised Sanchez Sigala that his appeal must be received "within the prescribed time limits." Sanchez Sigala's counsel subsequently filed a motion to accept a late appeal premised on his assertion that his caseload precluded him from timely filing the notice of appeal. However, the BIA summarily dismissed Sanchez Sigala's appeal as untimely because Sanchez Sigala did not demonstrate "exceptional circumstances" to justify his untimely appeal.

The BIA did not abuse its discretion when it summarily dismissed Sanchez Sigala's untimely appeal. *See Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) (explaining that "[t]he BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law") (citation, alteration, and internal quotation marks omitted). Sanchez Sigala does not assert any colorable error in the determination that he failed to demonstrate exceptional circumstances to justify his untimely appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G) (stating that "[a] single [BIA] member or panel may summarily dismiss any appeal or portion of any

appeal in any case in which . . . [t]he appeal is untimely").[1]

**PETITION DENIED.**[2]

---

[1] Sanchez Sigala maintains that the BIA abused its discretion because it summarily dismissed his appeal "for what should be considered a minor administrative or clerical error in payment." However, the BIA did not dismiss the appeal due to issues involving payment of the fee. Instead, Sanchez Sigala's counsel acknowledged that he did not timely file the notice of appeal, and it was on that basis that the BIA summarily dismissed the appeal.

[2] Sanchez Sigala's motion to stay removal, Dkt. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.