NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN ALEXANDER PADILLA
OCHOA; ERIKA FAVIOLA BERMUDEZ
CRUZ; KENDALL MAYBETH PADILLA
BERMUDEZ; KRISTEN ZARIAH
PADILLA BERMUDEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1005

Agency Nos.
A220-489-947
A220-489-948
A220-489-949
A220-489-950

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Edwin Padilla Ochoa, his wife, and two daughters (collectively,

"Petitioners") appeal the Board of Immigration Appeals' ("Board") order denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

their motion to reopen and motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), and we dismiss the petition in part and deny the petition in part.

1.     Petitioners argue that the Board erred in denying their request for *sua sponte* reopening based on changed country conditions because a Human Rights Report shows that violence in Honduras has become "so intolerable" that they will be persecuted if forced to return. However, Petitioners point to no "legal or constitutional error" made by the Board, *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020), and critically, the Board explicitly stated that there was no "exceptional situation" in Petitioners' case warranting reopening. The Board's decision thus evinces that it understood, and applied, its "unfettered discretion" to *sua sponte* deny Petitioners' motion. *Id.* at 1233; 8 C.F.R. § 1003.2(a) (granting the Board "discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief"). Accordingly, there is "nothing left for us to review" because "our review [] is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising discretion, or that exercising its discretion would be futile." *Lona*, 958 F.3d at 1234–35 (internal citations omitted).

2.     Petitioners also argue that the Board erred in holding there was no due

process violation when it summarily affirmed an Immigration Judge's ("IJ") removal order.[1]  According to Petitioners, the Board's summary affirmance violated due process because there was "[n]o reasoning," "no applicable law," and "no well-thought out and organized opinion" for them to challenge.  We review Petitioners' due process challenge de novo because it requires a "purely legal determination[]."  *Rubalcaba v. Garland*, 998 F.3d 1031, 1035 (9th Cir. 2021); *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).

Petitioners' claim is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir. 2023).  There, we held that the Board does not violate due process when it "affirm[s] the IJ's decision without issuing an opinion" because the IJ's decision "becomes the final agency action" subject to judicial review.  *Id.* at 851; *see* 8 C.F.R. § 1003.1(e)(4)(i)–(ii).  We further noted that the petitioners in that case "received a full hearing before the IJ, a detailed and reasoned opinion from the IJ, the opportunity to present their arguments to the [Board], and a decision from a member of the [Board]."  *Falcon Carriche*, 350 F.3d at 850.  Similarly

---

[1]    The Board construed Petitioners' due process argument as requesting *sua sponte* relief under 8 C.F.R. § 1003.2(a) and as applying to both the motion to reopen and to reconsider, but a closer look at Petitioners' motion shows that Petitioners made no mention of *sua sponte* relief when raising their due process argument.  Moreover, Petitioners' due process claim can only be raised in a motion to reconsider, which seeks to correct alleged errors of law in the agency's removal order.  *See* 8 C.F..R. § 1003.2(b)(1).  Thus, the more natural reading of Petitioners' due process challenge is a request for the Board to reconsider its prior decision.

here, Petitioners received the full panoply of procedural safeguards afforded non-citizens in removal proceedings, and had the right to appeal the IJ's "detailed and reasoned opinion" to this court. *Id.*

Finally, Petitioners' reliance on *Nolasco-Amaya v. Garland*, 14 F.4th 1007 (9th Cir. 2021), is misplaced. *Nolasco-Amaya* addressed the Board's erroneous summary dismissal of an appeal, *id.* at 1015, which prevented the petitioner from having a "fair opportunity" to present her case to the Board. *See Garcia-Cortez v. Ashcroft*, 366 F.3d 749, 753 (9th Cir. 2004) (internal quotations omitted). Here, Petitioners had a "fair opportunity" to present their case to the Board.[2]

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[2] Petitioners' argument is also foreclosed by the plain text of the regulation governing motions to reconsider, which provides that "[a] motion to reconsider based solely on an argument that the case should not have been affirmed without opinion by a single Board Member, or by a three–Member panel, is barred." 8 C.F.R. § 1003.2(b)(3).