NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YESSENIA ISABEL PERALTA RIOS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1970

Agency No.
A241-886-715

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025**

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Yessenia Isabel Peralta Rios, a native and citizen of Nicaragua, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order summarily

dismissing her appeal from an immigration judge's ("IJ") decision ruling she

abandoned any application for relief from removal. We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the BIA's summary dismissal of an appeal. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in summarily dismissing Peralta Rios's appeal where the notice of appeal was untimely, and Peralta Rios failed to demonstrate extraordinary circumstances to excuse her untimely appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G) ("A single [BIA] member or panel may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he appeal is untimely . . . ."); *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (BIA 2023) (thirty-day appeal deadline is subject to equitable tolling if noncitizen establishes that they have been "pursuing their rights diligently" and that "some extraordinary circumstance prevented timely filing"); *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (no abuse of discretion where BIA did not act "arbitrarily, irrationally, or contrary to the law" (internal citation and quotation marks omitted)). To the extent Peralta Rios contends the summary dismissal of her appeal as untimely was related to a denial of her right to counsel, the contention is unsupported by the record.

We do not address Peralta Rios's contentions as to eligibility for asylum because the BIA did not dismiss on these grounds. *See Santiago-Rodriguez v.*

2                                                                                    24-1970

*Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Peralta Rios's contentions as to cancellation of removal and the IJ's failure to consider the evidence are not properly before the court because petitioner did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

We reject as unsupported by the record Peralta Rios's contention that the BIA failed to articulate reasons for its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

Peralta Rios's equal protection challenges are foreclosed by precedent. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 602-03 (9th Cir. 2002) (differential treatment by country of origin under the Nicaraguan Adjustment and Central American Relief Act does not violate equal protection).

We do not consider the materials petitioner references in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**