**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARWIN RAND LOPEZ-ANDINO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1881

Agency No.
A212-987-684

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025 **

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Darwin Rand Lopez-Andino, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's summary dismissal of an appeal for abuse of discretion. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We deny the petition for review.

The BIA did not abuse its discretion in summarily dismissing Lopez-Andino's appeal where the notice of appeal did not identify specific challenges to the IJ's decision, and Lopez-Andino did not file a separate written brief despite stating he would. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); *see also Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004) (summary dismissal appropriate where notice of appeal lacked sufficient specificity and no separate written brief was filed).

We do not address Lopez-Andino's contentions as to his eligibility for asylum, withholding of removal, and CAT protection because the BIA did not dismiss on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**