**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDY YAMILETH GOMEZ HERNANDEZ; et al., | No. 24-29 |
| Petitioners, | Agency Nos. A220-454-408 A220-454-409 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025**

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Cindy Yamileth Gomez Hernandez and her child, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order summarily dismissing their appeal from an immigration judge's ("IJ's")

decision denying their applications for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's summary dismissal of an appeal. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We deny the petition for review.

The BIA did not abuse its discretion in summarily dismissing petitioners' appeal where the notice of appeal did not identify specific challenges to the IJ's decision, and petitioners did not file a separate written brief despite stating that they would. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); *see also Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004) (summary dismissal appropriate where notice of appeal lacked sufficient specificity and no separate written brief was filed).

We do not address petitioners' contentions as to the merits of their claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**