NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIA DE LA LUZ ALVARADO RAMIREZ, | No. 15-73805 |
| Petitioner, | Agency No. A200-823-694 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025**
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Maria de la Luz Alvarado Ramirez ("Alvarado"),[1] a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) summarily dismissing her appeal of an Immigration Judge's denial of her application for withholding of removal or, alternatively, adopting and affirming such denial. "We review for abuse of discretion the BIA's summary dismissal of an appeal." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (citing *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Alvarado failed to exhaust her claim that the Immigration Judge improperly denied withholding of removal. "The exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional 'claim processing rule'" that we must enforce where "properly raise[d]." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (first quoting *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023); and then quoting *Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019)). To exhaust a claim before the BIA, an applicant "need not raise a 'precise argument'" but "must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on the issue.'" *Id.* (first quoting *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023); and then quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.

---

[1] Although Department of Homeland Security records identify Alvarado as Maria Ramirez de la Luz Alvarado, her birth certificate, passport, and signatures reflect that her name is Maria de la Luz Alvarado Ramirez.

2004) (per curiam)).  Before the BIA, Alvarado failed to explicitly challenge the Immigration Judge's denial of withholding of removal, and she raised no meaningful or particularized challenges to the adverse credibility and lack of nexus findings underpinning that denial.  The Attorney General has properly raised Alvarado's failure to exhaust this claim.  Accordingly, we are statutorily barred from considering Alvarado's claim.

**PETITION DENIED.**