NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS GALLARDO JIMENEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4444

Agency No.
A202-099-394

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[***]

Jesus Gallardo Jimenez, a native and citizen of Mexico, petitions for review

of a final order of removal issued by the Board of Immigration Appeals (BIA). In

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

that order, the BIA summarily dismissed the appeal of an Immigration Judge's denial of Gallardo's applications for asylum, withholding of removal and relief under the Convention Against Torture (CAT), because he failed to timely file an administrative brief and his appeal notice did not explain the specific reasons he was contesting the IJ's decision. The BIA also denied Gallardo's motion to accept his late brief. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1.     The BIA acted within its discretion by summarily dismissing Gallardo's appeal, because he failed to timely file his brief, despite indicating his intent to do so. Gallardo's Notice of Appeal only stated that the IJ "erred as a matter of law and discretion in not granting asylum, withholding, CAT." This single sentence did not meaningfully apprise the BIA of his specific disputes with the IJ's decision. *See Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021).

2.     The BIA did not abuse its discretion in denying Gallardo's motion to accept his late-filed brief. "The applicable regulation indicates that the BIA could have considered his brief in its discretion"; however, it "was under no obligation to do so." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010). In this case, Gallardo had been (1) provided with a briefing extension; and (2) informed of the consequences of filing an untimely brief. Nevertheless, Gallardo filed his brief eight months after the extended deadline had lapsed, claiming the delay was

attributable to the illness of his attorney's law partner and the death of the partner's father. However, both these events predated the original filing deadline. Thus, we cannot conclude that the BIA "act[ed] arbitrarily, irrationally, or contrary to the law" in denying the motion. *See id.*

3. The BIA did not violate Gallardo's due process rights. "A petition for review will only be granted on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.* Gallardo has not established that his proceeding was fundamentally unfair. As outlined above, the BIA properly explained why it declined to accept Gallardo's brief and why it summarily dismissed his appeal. Accordingly, there was no due process violation.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**