**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ERIKA L. FAJARDO-SOLIS, | No.   20-72486 |
| Petitioner, | Agency No. A208-278-899 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges

Erika L. Fajardo-Solis, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order summarily

dismissing her appeal from her applications for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 and review the BIA's summary dismissal of the appeal for abuse of discretion. *See Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). Because both parties are familiar with the facts, we do not recount them here, except to provide necessary context. We affirm.

The BIA did not abuse its discretion in summarily dismissing Fajardo's appeal because the notice of appeal did not apprise the Board with sufficient specificity of the grounds for the appeal and, additionally, Fajardo did not file a separate written brief or statement despite her prior statement that she would. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E). Furthermore, we affirm the BIA's rejection of Fajardo's contention that the Immigration Judge lacked jurisdiction to decide her case. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 894 (9th Cir. 2020).

We decline to address the merits of Fajardo's original applications for asylum, withholding, and protection under CAT because these claims have not been exhausted and hence are not within our jurisdiction to review. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003).

**AFFIRMED.**