**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Sixto Valenzuela Rivera, | No. 21-1091 |
| Petitioner, | Agency No.     A087-901-366 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2023[**]
San Francisco, California

Before: M. SMITH and OWENS, Circuit Judges, and RODRIGUEZ,[***] District Judge.

Sixto Valenzuela Rivera ("Valenzuela"), a native and citizen of Mexico,

petitions for review of the Board of Appeals' ("BIA") decision summarily

dismissing his appeal and denying his motion to remand. We review for abuse

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

of discretion both the BIA's summary dismissal of an appeal and its denial of a motion to remand. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). As the parties are familiar with the facts, we do not recount them here. We deny in part and dismiss in part the petition.

The BIA acted within its discretion by summarily dismissing Valenzuela's appeal of the immigration judge's ("IJ") decision. The BIA did not abuse its discretion by summarily dismissing on the ground that Valenzuela's Notice of Appeal, which was prepared with the assistance of counsel, failed to meaningfully apprise the BIA of the reasons for his challenge to the IJ's decision. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A); *Nolasco-Amaya*, 14 F.4th at 1012 (noting that under the BIA's "strict specificity requirement when evaluating the notice of reasons for appeal," "[a] noncitizen must provide meaningful guidance to the BIA by informing it of the issues contested on appeal" and include supporting authority "[w]here a question of law is presented" (citations and internal quotation marks omitted)). The BIA also did not abuse its discretion by summarily dismissing on the ground that Valenzuela failed to file a separate written brief or statement after he checked the box on his Notice of Appeal indicating that he intended to do so, and he did not reasonably explain such a failure, even given his motion to remand. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

In addition, the BIA acted within its discretion by denying Valenzuela's

motion to remand, which was based on excerpts from a book concerning the danger and harm deportees from the United States face when returned to Mexico. The BIA did not abuse its discretion in determining that, although the book may have been published after his removal hearing, Valenzuela had not demonstrated that the factual evidence referenced in the book was unavailable for his hearing. *See* 8 C.F.R. § 1003.2(c)(1) (stating that a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"); *see also Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015) (stating that a motion to remand is treated as having the same requirements as a motion to reopen). The BIA also did not abuse its discretion in determining that Valenzuela had not met his heavy burden of showing that if the proceedings were remanded, the book would likely change the result in his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (stating that applicants "who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)).

Finally, Valenzuela failed to exhaust his argument that the BIA improperly rejected his motion to terminate for lack of jurisdiction due to his failure to submit a filing fee. *See Dawson v. Garland*, 998 F.3d 876, 880 n.2 (9th Cir. 2021). Therefore, we dismiss this portion of Valenzuela's petition.

The stay of removal remains in place until the mandate issues.

3                                           21-1091

**PETITION DENIED IN PART AND DISMISSED IN PART**.