NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESENIA ELIZABETH MONGE RAMIREZ; KATHERINE NAYELI DIAZ MONGE; ALCIDES USIEL NAVARRO MONGE; ISRAEL LISANDRO CASTELLANOS CORDOVA, | No. 21-1221 Agency Nos. A208-309-899 A208-309-900 A208-309-901 A208-309-913 |
| Petitioners, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges

Yesenia Ramirez and her family, natives and citizens of El Salvador, seek

review of the Board of Immigration Appeals' ("BIA") summary dismissal of their

appeal from the denial of their applications for asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). Petitioners also seek review of the BIA's denial of their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. Reviewing questions of law de novo, *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003), and the denial of a motion to reopen for abuse of discretion, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), we deny the petition.

1. The BIA did not violate Petitioners' due process rights when it summarily dismissed their appeal. When appealing from an Immigration Judge's ("IJ") decision, aliens must "provide meaningful guidance to the BIA by informing it of the issues contested on appeal; a generalized and conclusory statement about the proceedings before the IJ does not suffice." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (simplified). Aliens can also provide the reasons supporting the appeal "either in a separate brief *or* on the Notice of Appeal itself." *Id.*

Petitioners never filed a brief. And their notice of appeal stated only that the IJ erred in finding that they had not established their claims for asylum and withholding of removal and erred in denying CAT relief. Those statements "[do] not indicate which facts were in contention and how the IJ misinterpreted the evidence." *Toquero v. INS*, 956 F.2d 193, 196 (9th Cir. 1992). Because the notice of appeal failed to state a specific error, the BIA's summary dismissal did not violate Petitioners' due process rights. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004) ("In cases where the petitioner's description of the grounds

for appeal in the Notice of Appeal lacks the requisite specificity, we have consistently upheld the BIA's exercise of this authority").

2. The BIA did not abuse its discretion in denying Petitioners' motion for failure to substantially comply with the procedural requirements set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). To reopen based on an ineffective assistance of counsel claim, movants must first inform counsel of the allegations and give him "the opportunity to respond." *Id*. at 639. Generally, the BIA does not abuse its discretion by denying a motion to reopen based on a failure to comply with this requirement. *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000).

In this case, Petitioners argue that they complied with *Lozada*. But they failed to notify their previous counsel of their ineffective assistance allegation—one of *Lozada*'s requirements. 19 I & N. Dec. at 639. Petitioners' argument that they provided notice lacks support in the record. And neither their statement nor their complaint to the state bar shows that they provided notice to counsel. *See Reyes v. Ashcroft*, 358 F.3d 592, 598-99 (9th Cir. 2004) (stating that petitioner's carbon copy of former counsel on bar complaint was not sufficient notice).

While we have excused noncompliance with *Lozada* when it is "obvious and undisputed" from the record that counsel was ineffective, *Reyes*, 358 F.3d at 597, Petitioners do not argue that we should depart from *Lozada*'s requirements here.

**PETITION DENIED.**