**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

PEDRO RAMIREZ-BERNAL,

           Petitioner,

  v.

PAMELA J. BONDI, Attorney General,

           Respondent.

No. 22-1614

Agency No.
A218-146-691

MEMORANDUM[*]

---

PEDRO RAMIREZ-BERNAL,

           Petitioner,

  v.

PAMELA J. BONDI, Attorney General,

           Respondent.

No. 23-1963

Agency No.
A218-146-691

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2025[**]
Pasadena, California

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MILLER, LEE, and DESAI, Circuit Judges.

Petitioner Pedro Ramirez-Bernal, a native and citizen of Mexico, seeks review of two decisions issued by the Board of Immigration Appeals ("BIA"). First, Ramirez-Bernal seeks review of a BIA order that summarily dismissed his appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Second, he seeks review of a BIA order that denied his untimely motion to reopen proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"We review for abuse of discretion the BIA's summary dismissal of an appeal." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We also review for abuse of discretion the BIA's denial of a motion to reopen. *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th 11 Cir. 2023). At the same time, we review "the BIA's determination of purely legal questions de novo and its factual findings for substantial evidence." *Id.* at 1260.

1. The BIA did not abuse its discretion in summarily dismissing Ramirez-Bernal's appeal of the IJ's denial of relief. The BIA "may summarily dismiss any appeal" if the appealing party "fails to specify the reasons for the appeal on [a Notice of Appeal]" or if the party "indicates on [a Notice of Appeal] that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief

or statement, or reasonably explain his failure to do so, within the time set for filing." 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); *see also Nolasco-Amaya*, 14 F.4th at 1012.

Here, Ramirez-Bernal, through counsel, filed a Form EOIR–26 notice of appeal. Under the section of the form that asks the appealing party to "[s]tate in detail the reason(s) for [the] appeal," Ramirez-Bernal stated only that the IJ "erroneously denied [his] application for asylum, withholding of removal and protection under [CAT] because the IJ's decision was not based on substantial evidence." He also checked the box on the form that indicated he would file a separate written brief or statement. Accompanying this section of the form was an explicit "warning" that an appeal may be subject to summary dismissal if the appealing party checks the box indicating he will file a separate written brief or statement but then fails to do so. Despite this warning, and despite checking the box, Ramirez-Bernal's counsel never filed a separate brief or statement, even after requesting—and receiving—a 21-day extension to do so.

Under these facts, it was not an abuse of discretion for the BIA to summarily dismiss Ramirez-Bernal's appeal for "failing to meaningfully apprise the [BIA] of specific reasons underlying the challenge to the [IJ's] decision." *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); *Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004).

2. The BIA did not abuse its discretion in denying Ramirez-Bernal's untimely motion to reopen based on ineffective assistance of counsel. In this motion to

reopen, Ramirez-Bernal asserted that his former counsel provided ineffective assistance by failing "to identify appealable issues in the notice of appeal to the [BIA]" and by failing "to file any brief with the [BIA]." Ramirez-Bernal also argued that his former attorney failed "to vacate [his] criminal convictions" and provided evidence that he had recently filed a U-Visa application.

Even assuming Ramirez-Bernal received ineffective assistance of counsel, the BIA did not abuse its discretion in denying Ramirez-Bernal's motion to reopen. As the BIA noted, the motion to reopen was "untimely filed." Ramirez-Bernal's final order of removal was issued on September 20, 2022, but the motion to reopen was not filed until May 18, 2023—well after the ninety-day deadline to file such a motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Moreover, the motion failed to identify an exception that might apply to the deadline or argue that the BIA should equitably toll the deadline. *See Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015). (explaining "the requirements for equitable tolling due to ineffective assistance of counsel"). In this court, Ramirez-Bernal argues that he is entitled to equitable tolling, but because he did not raise this issue before the BIA, he failed to exhaust it. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207 (9th Cir. 2009).

**THE PETITION FOR REVIEW IS DENIED.**

22-1614