**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTA LUCIA CORDON CORADO; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2674 <br><br> Agency Nos. <br> A216-908-888 <br> A216-908-889 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025**

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Marta Lucia Cordon Corado and her child, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order summarily dismissing their appeal from an immigration judge's

("IJ") decision denying their applications for asylum, withholding of removal, and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's summary dismissal of an appeal. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We deny the petition for review.

The BIA did not abuse its discretion in summarily dismissing petitioner's appeal where the notice of appeal did not identify specific challenges to the IJ's decision, and petitioners did not file a separate written brief despite stating that they would. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); *see also Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004) (summary dismissal appropriate where notice of appeal lacked sufficient specificity and no separate written brief was filed). We reject as unsupported by the record petitioners' contention that they did not receive notice of the BIA's briefing schedule, and that the BIA ignored this contention in dismissing their appeal. *See, e.g.*, *Singh v. Gonzales*, 416 F.3d 1006, 1015 (9th Cir. 2005) (record indicated that the BIA gave counsel notice of briefing schedule).

We do not address petitioners' contentions as to the merits of their claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**