**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VILMA ARACELY SANCHEZ-CACERES, | No. 24-3457 |
| Petitioner, | Agency No. A208-270-349 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2025**
Pasadena, California

Before: WARDLAW and JOHNSTONE, Circuit Judges, and RASH, District
Judge.***

Vilma Aracely Sanchez-Caceres ("Sanchez"), a native and citizen of El

Salvador, petitions for review of a decision of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Scott H. Rash, United States District Judge for the District of Arizona, sitting by designation.

("BIA") affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant in part and deny in part Sanchez's petition for review.

Where, as here, the BIA affirms the IJ "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted). We review denials of asylum, withholding, and CAT relief for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Under that standard, we accept the agency's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Garland v. Ming Dai*, 593 U.S. 357, 365 (2021).

1.      The BIA erred in denying Sanchez's application for asylum and withholding of removal. It erroneously concluded that Sanchez waived her challenge to the IJ's denial of her claims for asylum and withholding of removal, reasoning that she did not meaningfully challenge the IJ's determination as to past persecution or whether she had an objectively reasonable fear of future persecution.[1] Though Sanchez's brief before the BIA could have been more

---

[1] Although we have not determined our standard of review for the BIA's invocation of waiver and/or forfeiture, *see Honcharov v. Barr*, 924 F.3d 1293,

2                                                    24-3457

clearly written, read as a whole, it sufficiently challenged the IJ's determination that she did not suffer past persecution or would face future persecution. The table of contents and statement of the issues section of Sanchez's brief clearly showed that she was challenging the IJ's determination that she did not suffer past persecution or had a well-founded fear of future persecution. The factual history section detailed her relevant testimony, with citations to the record, about the gangs threats she and her husband received. The argument section set forth applicable law on past persecution—including authority that threats may constitute persecution—and on the resulting presumption of a well-founded fear of persecution; then, referring back to her testimony, it argued that she had established past persecution and fear of future persecution. This was sufficient to "apprise the BIA of the particular basis for [her] claim that the IJ erred."[2] *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). And for the same reasons, Sanchez met the statutory exhaustion requirement of 8 U.S.C. § 1252(d)(1). *See Bare v. Barr*, 975 F.3d 952 (9th Cir. 2020) ("What matters is that the BIA was sufficiently on notice so that it had an opportunity to pass on th[e] issue.'" (quoting *Zhang v.*

_____

1297 (9th Cir. 2019) (per curiam), we need not resolve that here. Even under a deferential standard, *see, e.g., Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021), the BIA abused its discretion.

[2] Indeed, the BIA acted inconsistently by addressing Sanchez's challenge to the IJ's CAT determination on the merits, despite the fact that her argument in that section was substantially similar to her challenge to the IJ's asylum and withholding of removal determination.

3                                                                24-3457

*Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam))). Accordingly, we remand Sanchez's petition to the BIA for consideration of the merits of her application for asylum and withholding of removal. *See I.N.S. v. Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

2.　　Substantial evidence supports the agency's determination that Sanchez did not demonstrate that it is more likely than not she would be tortured by criminals in El Salvador. The agency reasonably found that Sanchez did not experience past torture and that the relative safety of Sanchez's mother—who was similarly situated to Sanchez—undercut the possibility that Sanchez would be tortured if she returned to El Salvador. *See Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021) ("Past torture is one such relevant consideration . . . in that someone who has been tortured in the past is likely to be tortured in the future if returned to the same situation."); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (relative safety of a similarly situated family member supported the BIA's finding that it is not more likely than not that the petitioner would be tortured). Furthermore, the record does not compel the conclusion that the government would acquiesce to torture. Though Sanchez noted that the Salvadoran police would not be effective in helping her, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show

acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.[3]**

---

[3] Each party shall bear its own costs on appeal.  The temporary stay (Dkt. No. 11) will remain in place until the mandate issues.