**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES PAUL OCHOA CONTRERAS; VICTORIA FLORES PALACIOS; JAMIE JAMES OCHOA FLORES, | No. 23-3885 |
| | Agency Nos. A246-151-109 A246-151-110 A246-151-111 |
| Petitioners, | |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

| | |
|---|---|
| JAMES PAUL OCHOA CONTRERAS; VICTORIA FLORES PALACIOS; JAMIE JAMES OCHOA FLORES, | No. 24-1407 |
| | Agency Nos. A246-151-109 A246-151-110 A246-151-111 |
| Petitioners, | |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 10, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

James Paul Ochoa Contreras ("Ochoa"), Victoria Flores Palacios ("Flores"), and J.J. Ochoa Flores ("Ochoa Flores") (collectively, "Petitioners"), natives and citizens of Peru, petition for review of two decisions by the Board of Immigration Appeals ("BIA") (1) summarily dismissing Petitioners' appeal for lack of a timely filed brief and (2) denying Petitioners' motion for reconsideration. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petitions for review.

1. We review the BIA's summary dismissal of an appeal for abuse of discretion. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). Whether the summary dismissal violated a petitioner's due process rights is a question of law that we review de novo. *Id.*

"A noncitizen must provide meaningful guidance to the BIA by informing it of the issues contested on appeal; a generalized and conclusory statement about the proceedings before the [immigration judge ("IJ")] does not suffice." *Id.* (quotation and citation omitted). These detailed reasons may be provided "either in a separate brief *or* on the Notice of Appeal itself . . . ." *Garcia-Cortez v. Ashcroft*, 366 F.3d

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

23-3885

749, 753 (9th Cir. 2004) (emphasis added). "The BIA is authorized to summarily dismiss an appeal where the petitioner indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement [and, thereafter, does not file such brief or statement] or reasonably explain his or her failure to do so, within the time set for filing." *Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004) (quoting 8 C.F.R. § 1003.1(d)(2)(i)(E)). However, if a noncitizen provides detailed reasons either in a separate brief or on the Notice of Appeal, summary dismissal of that appeal "under 8 C.F.R. § 1003.1(d)(2)(i)(E) [for failure to file a brief] violates the [noncitizen's] due process rights as guaranteed by the Fifth Amendment." *Garcia-Cortez*, 366 F.3d at 753.

Here, the BIA dismissed Petitioners' appeal after Petitioners indicated that they would file a brief or statement but failed to do so within the time set for filing. Because a noncitizen may provide detailed reasons for their appeal in either a brief *or* on the notice to appeal itself, we review whether Petitioners' statement in their notice of appeal was sufficient. *See Garcia-Cortez*, 366 F.3d at 753. Here, Petitioners' statement in their notice to appeal fails to meet the specificity requirement. *See Nolasco-Amaya*, 14 F.4th at 1012. Petitioners' statement fails to articulate how or why the IJ erred and contains no legal analysis or citation to legal authority. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820–21 (9th Cir. 2003) (denying a petition where petitioner "did not provide 'supporting authority' on any

question of law presented[,] . . . articulate how the IJ allegedly violated the pre-trial order [at issue in that case,] [ ]or . . . specify what evidence was erroneously admitted as hearsay"). Rather, the statement largely summarizes the facts as alleged by Petitioners without indicating which facts, if any, are in contention or assert how the IJ misinterpreted evidence related to those asserted facts. *Toquero v. INS*, 956 F.2d 193, 196 (9th Cir. 1992) ("While the Notice [of Appeal] correctly focused on the issue in contention, it did not indicate which facts were in contention and how the IJ misinterpreted the evidence."). Accordingly, the BIA did not abuse its discretion by summarily dismissing the appeal, nor did it violate Petitioners' due process rights.

2. After the BIA's summary dismissal, Petitioners filed a motion to reconsider and reissue the briefing schedule or alternatively to accept the late-filed brief accompanying the motion. The BIA denied Petitioners' motion. Where, as here, the BIA's denial of a motion to consider does not raise a question of law, the denial is reviewed for abuse of discretion. *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). Accordingly, the petition can only be granted if the BIA's decision is "arbitrary, irrational, or contrary to law." *Perez-Camacho v. Garland*, 54 F. 4th 597, 603 (9th Cir. 2022) (quotation omitted).

In the motion to reconsider, Petitioners argued that they did not receive a copy of the briefing schedule because of a possible technological error. But

Petitioners provided no evidence of the technological error, and the BIA found no indication of one. The motion also included documents from counsel claiming that she suffered a car accident on September 8, 2023, and contracted COVID-19 on October 24, 2023. These incidents, however, both occurred after Petitioners' brief was due. Additionally, there is no indication Petitioners' counsel made any efforts to check if a briefing schedule was issued prior to the summary dismissal. Based on the record here, the BIA did not abuse its discretion in denying Petitioners' motion to reconsider. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (holding that the BIA "*could have*" considered petitioner's brief filed out of time but that "[t]he BIA was under no obligation to do so"); 8 C.F.R. § 1003.3(c)(1).

**PETITIONS FOR REVIEW DENIED.**