NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ANGELINA ROMAN-ORSORIO; MARLON CAHUEC-RODRIGUEZ; A. C.-R., <br><br>    Petitioners, <br><br>  v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br>    Respondent. | No. 25-2110 <br><br> Agency Nos. <br> A241-772-487 <br> A241-772-486 <br> A241-772-485 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges.

Petitioners Angelina Roman-Orsorio, her husband, and their minor son are

natives and citizens of Guatemala. They petition for review of a decision by the

Board of Immigration Appeals ("BIA") summarily dismissing petitioners' appeal of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

The BIA summarily dismissed petitioners' appeal pursuant to 8 C.F.R. §§ 1003.1(d)(2)(i)(A), (E) for (1) failure to meaningfully apprise the BIA of the specific reasons underlying petitioners' challenge to the IJ's decision, and (2) failure to file a brief or statement in support of their appeal within the time set for filing, despite indicating they would do so.

On appeal, petitioners challenge the IJ's underlying denial of asylum, withholding of removal, and protection under CAT. But the BIA did not rely on the IJ's decision in its dismissal of petitioners' appeal. Because our review is limited to the grounds relied upon by the BIA, we cannot reach the merits of the IJ's decision.[1] *Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

Additionally, petitioners do not challenge the BIA's summary dismissal of their appeal for failure to state specific reasons or file a brief, which is the basis for the BIA's ruling. Petitioners thus waived any arguments challenging the BIA's

---

[1] Indeed, the BIA likely did not address the merits of the IJ's decision because petitioners failed to challenge the IJ's decision before the BIA.

summary dismissal.[2] *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013); *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (stating issues not "specifically and distinctly" argued in opening brief may be deemed forfeited (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

**PETITION FOR REVIEW DENIED.[3]**

---

[2] Even if petitioners preserved their challenge, the BIA did not abuse its discretion by summarily dismissing petitioners' appeal. *See Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (stating that review of the BIA's summary dismissal of an appeal is for abuse of discretion). Petitioners failed to state with sufficient specificity the ground for appeal either in a separate brief or on the counseled Notice of Appeal itself. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819–20 (9th Cir. 2003).

[3] The temporary stay of removal shall remain in place until the mandate issues. The motion for a stay of removal, Dkt. No. 2, is otherwise denied.

25-2110