**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CABEZAS-LOPEZ; M. C.-L., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2500 <br><br> Agency Nos. <br> A245-668-438 <br> A245-668-441 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.

Lead petitioner Maria Cabezas-Lopez ("Cabezas-Lopez") and her daughter

seek review of the Board of Immigration Appeals' ("BIA") order summarily

dismissing their appeal (1) for failing to file a separate brief or statement in support

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the appeal and (2) because the notice of appeal itself did not meaningfully apprise the BIA of reasons underlying her challenge to the decision of the Immigration Judge ("IJ"). Reviewing for abuse of discretion, *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021), we deny the petition.

The BIA is authorized to summarily dismiss an appeal where the petitioner "indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement . . . or reasonably explain his or her failure to do so, within the time set for filing." *Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004) (quoting 8 C.F.R. § 1003.1(d)(2)(i)(E)). Cabezas-Lopez checked the box on her notice of appeal indicating she intended to file such a document but failed to do so. Both the notice of appeal and briefing schedule contain a warning: "If you mark 'Yes' in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule."

Nor did the BIA abuse its discretion by concluding Cabezas-Lopez's notice of appeal did not give "meaningful guidance" of the issues contested on appeal. *See Nolasco-Amaya*, 14 F.4th at 1012 (cleaned up). We have held that generalized statements about the proceedings do not suffice and that the petitioner must articulate how the IJ erred. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003) ("The purpose of the . . . specificity requirement is to ensure that the BIA is

2                                                                                          25-2500

adequately apprised of the issues on appeal so that the BIA is not left to search through the record and speculate on what possible errors the petitioner claims." (citation modified)); *see also Toquero v. INS*, 956 F.2d 193, 196 (9th Cir. 1992). Although pro se petitioners are afforded some leeway, their notices cannot be "so general as to require the BIA to scrutinize the record and 'speculate on what possible errors' she was claiming." *Nolasco-Amaya*, 14 F.4th at 1014 (quoting *Rojas-Garcia v. Ashcroft*, 339 F.3d at 820). [1]

**PETITION DENIED.**

---

[1] Nor can Cabezas-Lopez argue that she should be accorded greater latitude on account of her testimony—which the IJ found credible—that she is illiterate. Even accepting her testimony as credible, it is clear that she was able, presumably with the assistance of a literate individual, to prepare and sign the notice of appeal and write the generalized statements contained therein. This suggests her illiteracy did not prejudice her ability to appeal the IJ's decision and that she remained capable of challenging that decision through a brief or in a more particularized fashion on the notice itself.